UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| MARY BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 13-104-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| EQT GATHERING OF KENTUCKY, INC., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

Plaintiff Mary Baker filed this action in the Perry Circuit Court against Defendant EQT Gathering of Kentucky, Inc. ("EQT"). [Record No. 1-3; Complaint] EQT is in the business of leasing and transporting oil and natural gas. Baker claims that, in connection with these activities, EQT trespassed upon her property in Perry County, Kentucky and damaged the property in a manner that has prevented her from using it. The precise nature of the damage is not specified in Baker's pleadings. However, in paragraph 12 of her Complaint, Baker alleges that,

> [t]he conduct of the Defendant, its agents, independent contractors, servants and employees as set forth, constitutes malicious, intentional and reckless conduct in that Defendant should have known that the activities which it authorized, ratified and executed would cause serious harm to the Plaintiff, and persisted in such conduct with a flagrant indifference to the rights of the Plaintiff and with knowledge that the conduct would result in harm to Plaintiff, so as to justify sand Plaintiff being awarded punitive damages well in excess of Four Thousand Dollars ($4,000.00) or the jurisdictional limits of this court.

[*Id.*] In her prayer for relief, Baker seeks, *inter alia*: (i) "triple damages" for the defendant's wrongful use of her property; (ii) damages reflecting the diminution in the subject property's fair market value; (iii) damages for the defendant's alleged illegal and wrongful actions in depriving her of the use, possession and enjoyment of the property; (iv) damages for emotional distress; (v) punitive damages; and (vi) injunctive relief. [*Id.*]

Baker is a citizen and resident of Kentucky. And although the name might imply that the EQT is a Kentucky corporation, the company is incorporated in Pennsylvania and has its principal place of business located in that state. Thus, the parties are completely diverse. However, the parties disagree regarding whether the amount in controversy exceeds the jurisdictional prerequisite of $75,000.00, exclusive interest and costs.

EQT originally removed the action to this Court on September 18, 2012. [*See* London Civil Action No. 6: 12-197-KKC, styled: *Mary Baker v. EQT Gathering of Kentucky, Inc.*.] However, on February 7, 2013, the matter was remanded to the Perry Circuit Court based on the Court's determination that the defendant had failed to establish that the amount in controversy exceeded the jurisdictional prerequisite. More specifically, the Court found that, "the Complaint does not provide a basis for more than speculation about possible damages [sought by the plaintiff]." Regarding claimed damages resulting from royalties and minerals extracted from the property, the Court noted that "[t]here are only bare allegations; there are no time frames or figures to form the basis of a damages estimate. Nothing in the Complaint suggests the amount of Baker's damages, which could be minimal, thus minimizing the exposure for a punitive award according to the principles cited in *State Farm Mutual*

*Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003)." [*See* Civil Action No. 6: 12-197-KKC; Record No. 13, p. 3.]

Following remand, EQT sought to establish that the amount in controversy exceeded $75,000.00. On April 5, 2013, EQT's counsel served the plaintiff with the following request for admission:

> **REQUEST NO. 1:** That the damages you allege and seek in this case exceed seventy-five thousand dollars ($75,000).

[Record No. 1-4] Unfortunately, Baker's attorney did not respond to this request for admission. As a result, the matter was deemed admitted thirty days following service. *See* Rule 36.01(2), Ky. R. Civ. P. However, as discussed below, the admission falls short of establishing the jurisdictional prerequisite of exceeding $75,000.00, *exclusive of interest and costs*.

On May 28, 2013, EQT again filed a Notice of Removal with this Court. [Record No. 1] In support of its jurisdictional claim, the defendant asserted that the action is between citizens of different states and that "the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." [*Id.*, p. 2] The plaintiff responded to the Notice of Removal by filing a motion to remand and a request for an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). In relevant part, counsel for Baker argued that, while he had mistakenly failed to respond to the request for admission while the matter was pending in the Perry Circuit Court, EQT still has not shown that the amount in controversy exceeds the jurisdictional minimum of this Court. [Record No. 6]

A case filed in state court is removable only if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83 (2005) ("[Section] 1441 . . . authorizes removal of civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in federal district court."). Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). The removing party bears the burden of establishing diversity jurisdiction. *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

Therefore, before this Court may exercise jurisdiction over this action, the removing party must show that there is complete diversity and that the amount in controversy exceeds $75,000.00, *exclusive of interest and costs*. For better or worse, the statutory requirements are strictly construed. As the Sixth Circuit indicated in *Freeland v. Mutual Fire Insurance Co.*, 632 F.3d 250 (6th Cir. 2011), it is not enough to establish that the amount in controversy *is* $75,000.00, exclusive of interest and costs, because such proof falls one penny short of the jurisdictional requirements of the statute. Likewise, it is insufficient to allege or show that the amount in controversy exceeds $75,000.00 without addressing interest and costs. Interest

and costs may be insignificant, but the Court cannot simply ignore the clear language of the statute.

Here, if EQT had served a request for admission which mirrored the language of the statute, it would have satisfied its burden of proof. However, based on the language utilized in the sole request served on Baker's counsel on or about April 5, 2013, the Court cannot conclude that the statutory requirement has been satisfied. In short, while EQT has shown that the amount in controversy exceeds $75,000.00, it has not established by a preponderance of evidence that the amount exceeds $75,000.00, *exclusive of interest and costs*.

Finally, the Court will deny the plaintiff's request for attorney fees. The plaintiff, through her counsel, could have avoided the time and expense incurred in connection with this second removal by directly responding to the defendant's request for admission regarding the amount in controversy. Likewise, had EQT's counsel included the rote language from 28 U.S.C. § 1332 in its request for admission, the matter would have been properly removable upon the plaintiff's failure to respond to the request. Under the circumstances presented, an award of costs or attorney's fees would not be appropriate. Instead, the parties should bear their respective costs and fees. Based on the foregoing discussion and analysis, it is hereby

**ORDERED** as follows:

1. Plaintiff Mary Baker's Motion for Remand [Record No. 6] is **GRANTED**. However, the plaintiff's request for an award of attorney's fees under 28 U.S.C. § 1447(c) is **DENIED**.

2. This matter is **REMANDED** to the Perry Circuit Court for further proceedings and **STRICKEN** from this Court's docket.

This 8th day of October, 2013.

Signed By:
*Danny C. Reeves* DCR
United States District Judge